34  136
d47ap276

WILLIS B. RICH, RESPONDENT, *v.* ANDREW V. SMITH, APPELLANT.

*Warranty on the sale of a horse — amount of damages recoverable for a breach thereof.*

APPEAL from a judgment of the Monroe County Court, entered upon the verdict of a jury.

The plaintiff sued for $500 for money loaned, and the defendant recouped the damages sustained by him by reason of the breach of plaintiff's warranty on the sale of a horse.

The court at General Term, after considering other questions involved in the appeal, said : "The defendant's evidence tended to show that the mare which the plaintiff sold him was warranted by the plaintiff to be good, kind and gentle, suitable for family

use, but that, in fact, she would run away, and on one occasion, when the defendant was driving her, she did run away, causing defendant's buggy to collide with another with such force that the defendant was thrown out and injured, the buggy and harness were damaged, and the mare was hurt so that she had to be killed. The defendant offered to prove the amount of the injuries thus caused to his person, buggy and harness, but the proof was excluded. The judge charged the jury that the measure of the defendant's damages was the difference between the value of the mare as she was and her value if she had been as warranted. The defendant excepted to the rulings above stated and now contends that he was also entitled to recover the damages which he offered to prove as above stated.

" The rule laid down by the judge is that which applies in the case of a general warranty of personal property sold. Where, however, the warranty is special, having reference to a particular purpose for which the property is to be used, out of the ordinary course, a different rule applies. In the latter class of cases the vendee is entitled to recover in case of a breach of the special warranty, such damages as either arise naturally, that is, in the usual course of things, from the breach itself, or such as may reasonably be supposed to have been contemplated by the parties when making the contract, as the probable result of the breach. (*Passinger* v. *Thorburn*, 34 N. Y., 634, and cases there cited by Davies, C. J.) But where the warranty is general an accidental damage even in the vendee's own affairs is not regarded. As was said by Cowen, J., in *Hargous* v. *Ablon* (5 Hill, 472), ' the search is for immediate and necessary consequences.'

" We regard the warranty in this case as a general warranty of the good qualities of the animal, and not as a special warranty for any particular purpose. She was asserted to be ' good, gentle and kind,' to the extent of being a good family horse. So far as her being otherwise depreciated, her value the defendant was entitled to recover, but the injuries resulting from his collision with another vehicle, while the mare was running away, instead of being the proximate and necessary consequences of a breach of the warranty, were remote and accidental. As well might the plaintiff be charged with the injuries to the colliding buggy, which the defendant testi-

fied were paid for by him. (*Blanchard* v. *Eli*, 21 Wend., 342; *Hargous* v. *Ablon*, *supra*;·S. C. affirmed, 3 Den., 406.)

"The proper rule of damages was adopted by the county judge, and the judgment should be affirmed."

*Raines Bros.*, for the appellant.

*J. & Q. Van Voorhis*, for the respondent.

Opinion by SMITH, P. J.; BARKER, BRADLEY and CORLETT, JJ., concurred.

Judgment affirmed.